Dear Superintendent Fisher,
The Attorney General is in receipt of your request for an opinion, wherein you ask, in effect, the following questions:
1. Does a teacher who is employed under a federally subsidizedsupplemental program have any recourse against either the Parent AdvisoryCommittee or the local board of education, as to continued employmentunder the project, if the Parent Advisory Committee decides to change thecomponents of the project after a teacher has been employed for a periodof time sufficient to attain tenure?
 2. If tenure is not attained under the federally subsidizedsupplemental program, should the annual contract with the teacher statethat renewal is contingent upon refunding of the project and approval bythe Parent Advisory Committee and the Board of Education?
The rights of school teachers in this State to the benefits attained under their contracts of employment and to the benefits of tenure are controlled by the provisions of 70 O.S. 6-101, et seq. (1971), as amended. Your initial question assumes that the teacher who has not been renewed for an additional contract year, was at the time of the non-renewal employed for a sufficient period of time to attain tenure. This, of course, does not necessarily mean that the individual has tenured status. The provisions of 70 O.S. 6-103.1(A)(3) (1977) provide in pertinent part:
 "The dismissal, suspension and non-reemployment procedures of this act shall not apply to the following: * * *
 3. Teachers who are employed in positions fully funded by a federal or private category grant. Any such employee shall be employed only for the duration of the grant but, during such period of employment, the employee shall receive credit for his tenured status and shall not be dismissed or suspended except as otherwise provided by law; . . ."
The facts as outlined in your question fail to disclose whether the teacher is being paid under a "fully funded" federal or private categorical grant. A teacher whose compensation is derived in any degree from ordinary state or local educational sources, although supplemented by federal or private grants, would nevertheless attain tenure and all the rights accorded to individuals with tenured status upon the completion of the probationary period established by law. 70 O.S. 6-102.1(6) (1977). If the school teacher has received compensation exclusively from a federal grant or a private categorical grant, the school teacher is not tenured for the purposes of the act in most respects, but is entitled to the procedural safeguards established by the act where the school teacher is to be subject to suspension or dismissal.
It appears we can assume from the facts recited in your first question that the school teacher has not been "dismissed" by reason of any grounds recited in 70 O.S. 6-103 (1977), or suspended for any reason enumerated under 70 O.S. 6-103.3 (1977). The sole recited reason for not renewing the teacher's contract is a modification of the educational program which eliminates from the program components which were, prior to this coming year, taught by the teacher. Since school teachers who are compensated entirely out of federal or private categorical grant funds are exempted from the operation of the act in all regards except those specifically enumerated in 70 O.S. 6-103.1(A)(3), and since non-renewal for the reasons set forth in your question is not dismissal or suspension as provided under the act, the teacher is not entitled to any of the procedural or substantive safeguards incorporated into the law under 70 O.S. 6-101, et seq.
Even if we were to assume, purely for the sake of argument, that a teacher who is fully compensated out of federal or private categorical grant funds would nevertheless be entitled to the full array of procedural and substantive guarantees contained in 70 O.S. 6-101, et seq., supra, it would not necessarily follow that the teacher would have any recourse against either the Parent Advisory Committee or the local board of education. Parent Advisory Committees are groups of parents of Indian children receiving services under Public Law 92-318, Title IV-A, the Indian Education Act. This law requires that members of the Indian community have direct input into the development and delivery of educational services to Indian children. The Parent Advisory Committee cooperates and works hand-in-hand with the local board of education to formulate an educational program for Indian children. Together they determine what components will make up the educational program to be offered Indian children under the provisions of Public Law 92-318.
As a general rule, local boards of education have inherent authority to determine what educational components shall be offered to formulate a complete educational program for the students in the district and the number of personnel necessary to implement that program within the limits of existing funding. It necessarily follows that any school teacher whose position is no longer necessary to the accomplishment of the legitimate educational goal of the school district, whether by reason of an elimination of the component of the educational program which they teach or because of the reduction in funding for the educational program, has no legal recourse against the local board of education. This precise question has been the subject of a prior Attorney General's Opinion, Attorney General Opinion No. 76-194 in which the following question was asked:
 "Where a school district has been offering a certain subject area such as `Home Economics', `Agriculture' or `Mathematics' and such subject has been taught by a teacher who has tenure under 70 O.S. 6-122 and the Board of Education has eliminated the subject from their curriculum, may they also legally not renew the contract of the teacher?"
In response to the foregoing question, the Attorney General stated as follows:
 "When a board of education of a school district, acting in good faith and for the best interests of the school district, eliminates a teaching position, it may legally not renew the contract of a tenured teacher selected pursuant to a reasonable plan or policy."
As should be noted from the foregoing quotation, the action of the school board must be in good faith and for the best interest of the school district. It is axiomatic that a school board cannot refuse to renew a teacher's contract on the basis that the teacher's class is no longer necessary to the school system when, in fact, the reason for non-renewal is some other ground. Local school boards, like all other public agencies, may not accomplish by indirection that which they cannot do directly. Additionally, the decision as to who should not be renewed in a teaching position must be made pursuant to a reasonable plan or policy.
Therefore, any teacher who has not been renewed by reason of elimination of the educational component which he or she instructs or by reason of a reduction in force required by limits on fundings, may always question the decision not to renew their contract on the grounds that the initial decision to eliminate the class or the teaching position was not made in good faith and for the best interest of the school district, or that the decision to not renew the specific teacher's contract was not made pursuant to a "reasonable plan or policy".
With respect to your second question, since local school boards have inherent authority to reduce its work force by reason of a failure of funding or a good faith reassessment of educational goals which would no longer warrant employment of teachers who offer certain components of an educational program, there is no need to include in any contract specific provision rendering renewal contingent upon funding or the consistency of the elements of the educational program which an individual may teach. Likewise, there is nothing in the law which would preclude a local board of education from adding such language to its teacher employment contract.
Therefore, it is the opinion of the Attorney General that a localschool board may, in the exercise of its discretion, refuse to renew thecontract of a teacher, whether probationary or tenured, where in goodfaith and the best interests of the school district, a teaching position!S to be eliminated, so long as the tenured teacher whose contract is notto be renewed has been selected for nonrenewal pursuant to a reasonableplan or policy.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL